VIRGINIA TRUST COMPANY, TRUSTEE, AND OTHERS, v. PHARR ESTATES,
INCORPORATED, AND OTHERS.

(Filed 11 July, 1934.)

**Pleadings D b—Complaint in this case held not subject to demurrer for misjoinder of parties and causes.**

Plaintiffs, the trustee, and holders of bonds secured by a deed of trust, brought action against the corporate maker of the bonds to recover on the bonds and have the lands sold, alleging default in payment of principal and interest, and against the living individual guarantors of payment of the bonds and the executors of the deceased guarantors of payment, to recover on the contract of guaranty, alleging that the sale of the lands would not bring sufficient money to pay principal and interest on the bonds, and against a corporate guarantor of the interest on the bonds and taxes against the land, alleging interest due on the bonds and taxes due against the lands, and against the trustees and beneficiaries in certain deeds of trust executed by certain of the individual guarantors of the bonds, alleging that certain of the guarantors had executed the deeds of trust when insolvent to secure preexisting debts, and that the property conveyed was practically all the property owned by said guarantors, and that the trustees in the deeds of trust had not complied with the provisions of C. S., 1610. *Held,* the complaint stated a cause of action against each of defendants, and the causes of action are so related that the complaint is not subject to demurrer for misjoinder of parties and causes.

CLARKSON, J., not sitting.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by certain defendants from *Hill, Special Judge,* at October Term, 1933, and by other defendants from *Stack, J.,* at February Term, 1934, of MECKLENBURG. Affirmed in both appeals.

This is an action to recover judgment on 71 bonds, each for the sum of $1,000, which were executed by the defendant, Pharr Estates, Incorporated, and which are now held and owned by the plaintiffs other than the Virginia Trust Company, trustee; to foreclose the deed of trust which was executed by the defendant, Pharr Estates, Incorporated, to the plaintiff, Virginia Trust Company, trustee, and by which the said bonds are secured; and for other relief, on the facts alleged in the complaint, as against the defendants other than the Pharr Estates, Incorporated.

The action was first heard by Special Judge Hill, at October Term, 1933, of the Superior Court of Mecklenburg County on demurrers to the complaint filed by the original defendants. The demurrers were not sustained, and the demurring defendants excepted and appealed to the Supreme Court.

Pursuant to the order made by Judge Hill, summons was issued in the action, and duly served on the additional defendants.

The action was then heard by Judge Stack, at February Term, 1934, of the Superior Court of Mecklenburg County, on demurrers to the amended complaint filed by the additional defendants. The demurrers were not sustained and the demurring defendants excepted and appealed to the Supreme Court.

*John M. Robinson and Hunter M. Jones for plaintiffs.*

*Whitlock, Dockery & Shaw for defendants, Pharr Estates, Incorporated, Edgar Pharr and W. H. Pharr, executors of W. S. Pharr, deceased, Edgar W. Pharr, W. H. Pharr, Julia Pharr, Mary E. Pharr, R. A. Dunn, Commercial National Bank of Charlotte, N. C., trustees of Ernest Spring Pharr, and American Trust Company.*

*Pharr & Bell for defendants, W. B. McClintock, trustee and Charlotte National Bank.*

*Stewart & Bobbitt for defendants, J. M. Trotter, trustee, Gurney P. Hood, Commissioner of Banks, ex rel. Independence Trust Company, and Zelda A. Hood, executrix of W. L. Hood, deceased.*

CONNOR, J. The facts alleged in the complaint and admitted by the demurrers in this action are as follows:

On 1 October, 1927, the defendant, Pharr Estates, Incorporated, for value received, executed and delivered seventy-five bonds, each in the sum of $1,000, all bearing interest from date at the rate of six per cent per annum, payable semiannually. These bonds are payable to bearer, and were due on 1 October, 1932. Four of said bonds were paid at maturity; the remaining seventy-one bonds are now held and owned by the plaintiffs other than the Virginia Trust Company, trustee. There is due on each of said bonds the sum of one thousand dollars, with interest from 1 October, 1932.

For the purpose of securing the payment of said bonds, when they should become due, the defendant, Pharr Estates, Incorporated, on 1 October, 1927, executed a deed of trust by which it conveyed to the plaintiff, Virginia Trust Company, trustee, certain lots, parcels and tracts of land fully described in said deed of trust, and located in Mecklenburg County, North Carolina. This deed of trust was duly recorded in the office of the register of deeds of Mecklenburg County. The property conveyed by the said deed of trust is not sufficient in value to secure the payment in full of the bonds now held and owned by the plaintiffs, and if and when the same shall be sold under the power of sale contained in the deed of trust, or under a decree of foreclosure, the proceeds of the sale will not be sufficient to pay the said bonds and accrued interest.

Contemporaneously with the execution of the said bonds, to wit: on 1 October, 1927, and prior to their delivery, W. S. Pharr, now deceased, and the defendants, W. H. Pharr, Edgar W. Pharr, and Mary E. Pharr, jointly and severally, and in writing, guaranteed the payment of each of said bonds, both as to principal and interest, as the same should become due, and expressly waived demand for payment, protest for nonpayment, or notice of dishonor, agreeing to remain bound under their guarantee, notwithstanding any extension of time for payment, which might be granted by the holder or holders of any of said bonds. W. S. Pharr, one of the said guarantors, died on 11 November, 1932, having first made and published his last will and testament, which has been duly probated and recorded. The defendants, W. H. Pharr and Edgar W. Pharr, were duly appointed and have duly qualified as executors of the said W. S. Pharr, deceased. The defendants, Julia Pharr, his wife, and W. H. Pharr, Edgar W. Pharr, Ernest Springs Pharr and Mary E. Pharr, his children, are the devisees and legatees named in the last will and testament of W. S. Pharr. The defendants, R. A. Dunn and Commercial National Bank of Charlotte, N. C., are the trustees of Ernest Springs Pharr.

Also, contemporaneously with the execution of said bonds, to wit, on 1 October, 1927, and prior to their delivery, the defendant, Independence Trust Company of Charlotte, N. C., for value received, and in writing, guaranteed the prompt payment of the interest on each of said bonds, as the same should become due, and also the prompt payment of all taxes levied on the property conveyed by the said deed of trust, during the period from the date of said bonds until their maturity. There is now due not only the interest on said bonds from 1 October, 1932, but also as taxes levied on said property for the year 1932, the sum of $642.13.

On 1 August, 1931, the defendants, W. H. Pharr and Edgar W. Pharr, executed and delivered to the defendant, W. B. McClintock, trustee, a deed of trust, by which they conveyed to the said trustee, a certain tract of land fully described in said deed of trust, and located in Mecklenburg County. This deed of trust was duly recorded in the office of the register of deeds of Mecklenburg County, and purports to secure certain preëxisting indebtedness of the said W. H. Pharr and Edgar W. Pharr to the defendant, Charlotte National Bank. Both W. H. Pharr and Edgar W. Pharr were insolvent at the date of the execution of said deed of trust. The property conveyed by said deed of trust, was practically all the property then owned by the said W. H. Pharr and Edgar W. Pharr. The defendant, W. B. McClintock, trustee, in said deed of trust, has not complied with statutory provisions applicable to a trustee in a deed of assignment by a debtor for the benefit of creditors.

On 1 October, 1932, W. S. Pharr, one of the guarantors of the payment of the bonds now held and owned by the plaintiffs, executed and delivered to the defendant, J. M. Trotter, trustee, three deeds of trust, by which he conveyed to the said trustee certain tracts or parcels of land fully described in said deeds of trust and located in Mecklenburg County. These deeds of trust were duly recorded in the office of the register of deeds of Mecklenburg County, and purported to secure the payment of certain preëxisting debts of the said W. S. Pharr, to the defendants, Independence Trust Company of Charlotte, N. C., Commercial National Bank of Charlotte, N. C., American Trust Company of Charlotte, N. C., and Carmel Credit Union, and also to W. L. Hood, who has since died. The defendant, Zelda A. Hood, is the executrix of the said W. L. Hood, deceased. At the date of the execution of said deeds of trust, W. S. Pharr was insolvent. The property conveyed by said deeds of trust was practically all the property then owned by the said W. S. Pharr. The defendant, J. M. Trotter, trustee in said deeds of trust, has not complied with statutory provisions applicable to a trustee in a deed of assignment by a debtor for the benefit of his creditors.

Since the institution of this action, the Independence Trust Company of Charlotte, has closed its doors and ceased to do business, because of its insolvency. Its assets are now in the possession of the defendant, Gurney P. Hood, Commissioner of Banks, for liquidation as provided by statute.

These facts are sufficient to constitute a cause of action, certainly as against the defendant, Pharr Estates, Incorporated, on which the plaintiffs are entitled to the relief demanded in the complaint as against this defendant.

They are sufficient also to constitute a cause of action as against the defendants, W. H. Pharr and Edgar W. Pharr, executors of W. S. Pharr, deceased, and as against these defendants, individually, on their guarantee of prompt payment of said bonds, at maturity, both as to principal and interest.

They are sufficient also to constitute a cause of action as against the defendant, Independence Trust Company, on its guarantee of prompt payment of interest on said bonds, and of taxes levied on the property conveyed by the deed of trust, by which the said bonds were secured.

On these facts the deeds of trust which were executed by the defendants, W. H. Pharr and Edgar W. Pharr, to the defendant, W. B. McClintock, and by W. S. Pharr, to the defendant, J. M. Trotter, are assignments for the benefit of all the creditors of the grantors, and are void, because of the failure of the trustees in said deeds to comply with statutory provisions applicable to such assignments. C. S., 1610. *Odom v. Clark,* 146 N. C., 544, 60 S. E., 513. The facts alleged in the com-

plaint and admitted in the demurrers are sufficient to constitute causes of action against the trustees in said deeds of trust, and as against the defendants who are secured by the same.

These causes of action are so related to each other that the complaint is not subject to demurrer for improper joinder of either causes of action or parties.

The demurrers were properly overruled. The judgments to that effect are

Affirmed.

CLARKSON, J., not sitting.

SCHENCK, J., took no part in the consideration or decision of this case.